UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61112-WJZ

CARLY BITTLINGMEYER,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

CORAL SPRINGS FAMILY
DENTISTRY AT AMERICARE PA,

    Defendant.

_____/

## **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Defendant, CORAL SPRINGS FAMILY DENTISTRY AT AMERICARE PA, by and through its undersigned counsel hereby files its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Complaint, and states as follows:

### **NATURE OF THE ACTION**

1. Defendant admits that the Plaintiff alleges a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. but denies any liability.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Defendant admits that Plaintiff seeks injunctive relief, statutory damages, and other available legal or equitable remedies but denies Plaintiff's entitlement to the same.

## JURISDICTION AND VENUE

7. Defendant admits that jurisdiction is proper but denies all other allegations.

8. Defendant admits venue is proper but denies all other allegations.

## PARTIES

9. Without knowledge, therefore denied.

10. Defendant admits that it is a Florida corporation with its principal address at 6267 W. Sample Road, Coral Springs, FL 33067 but denies all other allegations.

## THE TCPA

11. The allegations contained in paragraph 11 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

12. The allegations contained in paragraph 12 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

13. The allegations contained in paragraph 13 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

14. The allegations contained in paragraph 14 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

15. The allegations contained in paragraph 15 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

16. The allegations contained in paragraph 16 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

17. The allegations contained in paragraph 17 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

18. The allegations contained in paragraph 18 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

19. The allegations contained in paragraph 19 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

20. The allegations contained in paragraph 20 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

21. The allegations contained in paragraph 21 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

22. The allegations contained in paragraph 22 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

23. The allegations contained in paragraph 23 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

24. The allegations contained in paragraph 24 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

25. The allegations contained in paragraph 25 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

26. The allegations contained in paragraph 26 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

27. The allegations contained in paragraph 27 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

28. The allegations contained in paragraph 28 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

29. The allegations contained in paragraph 29 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

30. The allegations contained in paragraph 30 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

31. The allegations contained in paragraph 31 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

## BACKGROUND FACTS

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## CLASS ALLEGATIONS

40. Defendant admits that Plaintiff is seeking class certification but denies that Plaintiff is entitled to the same.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT I
### Violation of the TCPA, 47 U.S.C. §227(b)
**(On Behalf of Plaintiff and the Class)**

51. Defendant re-alleges and re-asserts all responses to paragraphs 1-50 as if fully set forth herein.

52. The allegations contained in paragraph 52 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

53. The allegations contained in paragraph 53 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227(b)
**(On Behalf of Plaintiff and the Class)**

59.   Defendant re-alleges and re-asserts all responses to paragraphs 1-50 as if fully set forth herein.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

## AFFIRMATIVE DEFENSES

1.   Defendant affirmatively states that Defendant is entitled to a set off for the benefits the Plaintiff has received from a collateral source.

2.   Defendant affirmatively states that Plaintiff's claims are barred given calls placed to a wireless number that has been ported from a wireline service, not knowingly made to a wireless number, and made within 15 days of the porting of the number from wireline to wireless service pursuant to 47 C.F.R. §64.1200(a)(1)(iv).

3.   Defendant affirmatively states that the Plaintiff's claims are barred given that Plaintiff provided prior express consent to receive the calls by providing her cell phone number to Defendant and consenting to receiving such calls pursuant Murphy v. DCI Biologicals Orlando, LLC, 2013 U.S. Dist. LEXIS 181732 (M.D. Fla. 2013).

4.   Defendant affirmatively states that Plaintiff's claims are barred given that the text messages constitute a health care message under 47 C.F.R. §64.1200(a)(2).

5.   Defendant affirmatively states that Plaintiff's claims are barred given that text messages fall under the Exigent Healthcare Treatment Exemption of the TCPA. Bailey v. CVS Pharm., Inc., Case No. 17-cv-11482, 2018 U.S. Dist. LEXIS 137049 (D.N.J. August 14, 2018).

6. Defendant affirmatively states that Plaintiff's claims for actual damages are barred or diminished due to Plaintiff's failure to mitigate damages pursuant to George v. Leading Edge Recovery Solutions, L.L.C., 2013 WL 3777034 (M.D. Fla. 2013).

7. Defendant specifically reserves the right to amend the Affirmative Defenses pled above and to assert additional Affirmative Defenses that become known to them during the course of discovery.

**WHEREFORE**, Defendant requests all relief to which it is entitled, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury to all issues by right so triable.

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendant
> Esperante Building
> 222 Lakeview Ave., Suite 120
> West Palm Beach, Florida 33401
> Telephone: (561) 383-9200
> Facsimile: (561) 683-8977
>
> By: /s/ Justin C. Sorel
>     JUSTIN C. SOREL
>     FBN: 0016256

**SERVICE LIST**
Jibrael S. Hindi, Esq.
The Law Office of Jibrael S. Hindi, PLLC
110 SE 6th St.
Ft. Lauderdale, FL 33301
Telephone: (954) 907-1136
Fax: (855) 529-9540
jibrael@jibraellaw.com

5018.2437-00/14445770

8
**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX